**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Araya Wolde-Giorgis,<br><br>        Plaintiff,<br><br>vs.<br><br>Larry K. Christiansen, et al.,<br><br>        Defendants. | No. CIV 02-0878-PHX-DKD<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for a New Trial which "requests this court to reconsider, amend, alter the judgment and set aside the judgment and allow plaintiff to have a new trial in order to remedy the miscarriage of justice." Plaintiff's motion also includes a renewed request for appointment of counsel. Plaintiff's motion for appointment of counsel advances no new grounds and there is no demonstration that any circumstances have changed since the Court last denied this request and thus the renewed request will be denied.

There are four grounds for which a new trial may be granted pursuant to Rule 59 of the Federal Rules of Civil Procedure. A motion may be granted if it is (1) necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Bullington Northern Sante Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citation omitted).

Dr. Wolde-Giorgis' motion is supported by his affidavit which sets forth in enumerated paragraphs several grounds for a new trial. The Court will address the contention of each paragraph in turn.

¶4 Exclusion of Witnesses

Plaintiff asserts that "the other major miscarriage of justice is that this court unjustly excluded all of plaintiff's witnesses without any justification since plaintiff did not receive the 29 page 'Litigation Report Summary' since defendants did not attach [it] to defendants' answer to plaintiff's interrogatories" (emphasis in original). Dr. Wolde-Giorgis sought to identify for the first time on the eve of trial a number of witnesses he intended to call at trial notwithstanding the Court's prior plain instruction to him that he would need to timely identify all witnesses. Dr. Wolde-Giorgis sought to lay the blame for late disclosure on Defendants' alleged failure to provide through discovery information to Plaintiff which would have allowed him to timely disclose his witnesses. This issue was the subject of an extensive hearing before trial and it was addressed via a ruling on the record as well as in the Court's Minute Entry. As previously explained to Dr. Wolde-Giorgis, the responsibility for the failure to timely identify his witnesses lay more appropriately at his feet than on Defendants. Even assuming for the sake of this argument that Plaintiff never received the attachment to Defendants' response to Plaintiff's interrogatories, this omission if it occurred was obvious and Plaintiff should have exercised reasonable diligence to obtain the omitted material. Plaintiff has advanced no new argument or law that was not presented and previously considered by the Court. There are no grounds for a new trial on this issue.

¶5 Exclusion of Plaintiff's Exhibits

Plaintiff next argues that the Court's exclusion of Plaintiff's exhibits violated his due process and equal protection rights and that he is due a new trial because the Court excluded the following exhibits: Defendants' answers to Plaintiff's interrogatories, Plaintiff's letters to Defendants, Plaintiffs' Complaint, Plaintiff's medical documents, Plaintiff's list of economics faculty members, and Plaintiff's own sworn affidavits.

1  With respect to Plaintiff's motion to admit Defendants' responses to his interrogatories, the Court sustained Defendants' objection pursuant to Federal Rule of Evidence 403 upon the Court's balancing of the risk of confusion and unnecessary delay against the probative value of the "wholesale" introduction of these documents. The Court's evidentiary ruling on these documents was without prejudice to Plaintiff seeking to move their admission upon a proper foundation, but Plaintiff never made any subsequent attempt.

It should be noted that the Court was mindful that Dr. Wolde-Giorgis was appearing pro se and that it did on numerous occasions provide Plaintiff with remedial information including basic presentations on the rules of evidence and civil procedure. The Court also advised Plaintiff well before trial that he would be wise to consult Professor Imwinkelried's treatise "Evidentiary Foundations". The Court took these steps in part because it believed that an individual with Plaintiff's record of academic achievement and advanced academic degree would be able to educate himself if given the tools. Sadly, it is this Court's conclusion that Dr. Wolde-Giorgis either does not listen well or he only hears what he wants to hear because the pretrial and trial record of this case is chock-full of incidents of Dr. Wolde-Giorgis' failure to follow the Rules of Evidence, the Rules of Civil Procedure and the Court's explicit Orders.

Defendants objected to the admission of Dr. Wolde-Giorgis' efforts to admit his letters to others on hearsay grounds and Plaintiff articulated no exception to the hearsay bar. Thus, these documents were properly excluded.

Plaintiff sought to admit his Complaint and Amended Complaint and these documents were excluded on the basis of a Federal Rule of Evidence 403 analysis because of the Court's fear that they contained superfluous and confusing information (including the inclusion of claims and parties which had been dismissed). Thus the risk of prejudice outweighed their probative value.

The Court excluded Plaintiff's medical documents and records pursuant to Defendants' foundation objection. Plaintiff provided no foundation for these documents notwithstanding his

apparent understanding of the concept of evidentiary foundations which was demonstrated by his submission of authenticated educational records.

With respect to Plaintiff's motion to admit as evidence a list he apparently created to show that no black full-time economics teacher was ever hired in thirty years, the Court sustained Defendants' foundation objection because no foundation for this document was offered. The Court did not restrict Plaintiff's opportunity to develop this evidence through the testimony of any witness at trial.

Dr. Wolde-Giorgis' Affidavits were excluded pursuant to a hearsay objection and no exception to the hearsay rule was proffered. The Court explained to Plaintiff during trial that these affidavits were out-of-court statements to which the rule against hearsay applied. No exception pursuant to Rule 801(d)(1) was presented.

¶6 Defendants' Exhibits

Plaintiff contends that he is entitled to a new trial because the interview score sheets which were admitted as business records during the presentation of Defendants' case contain the score sheets of two individuals Plaintiff alleges he did not know about prior to trial. He alleges "willful and malicious deception by defendants." The record does not support Plaintiff's accusation. Any failure to know about these individuals prior to trial is due to Plaintiff's lack of due and reasonable diligence and not any deception on the part of Defendants. The Court has repeatedly addressed this issue with Plaintiff and no new arguments or facts have been presented.

¶7 Jury's Request for a List of Exhibits

Plaintiff contends that the Court's response to the jury's question during deliberations entitles him to a new trial. The jury asked for "a form with each exhibit listed by # & description" to which the Court responded, "We are unable to provide you with the form you request." The only list of exhibits available to the Court at the time of the jury's request was Plaintiff's and Defendants' lists of exhibits. Such lists would have informed the jury about exhibits not admitted into evidence which would have been contrary to the Rules of Evidence

1 and the evidentiary rulings excluding those exhibits. Moreover, the Court did not want to delay
2 the jurors' deliberations while the requested list was prepared. The jury had before them the
3 exhibits admitted into evidence and they were not so voluminous or unmanageable such that
4 failure to provide the requested list constituted manifest error so as to warrant a new trial.

¶8 <u>Plaintiff's Contention that All Defense Witnesses Lied</u>

6 Plaintiff next argues that "almost all of the witnesses (i.e. defense witnesses) lied under
7 oath." Each of the alleged incidents of lying which Plaintiff cites in his motion was played out
8 before the jury and thus the verdict reflects the jury's consideration of the witnesses' testimony
9 and credibility. Dr. Wolde-Giorgis had a full opportunity to confront and cross-examine all
10 witnesses. The record does not support setting aside the jury's verdicts on this issue.

¶9 <u>Incompetent Juror(s) and Exclusion of Juror</u>

12 Dr. Wolde-Giorgis contends that "some of the jurors were incompetent." He complains
13 about a particular juror's ability to read and write English. The Court conducted an on-the-
14 record inquiry of this juror's capacity to serve as a juror and it was well satisfied that this juror
15 was competent to serve. This juror said he had a problem with English because he never went
16 to school but upon the Court's inquiry he informed the Court that he had spoken English for
17 more than 30 years and that he had "pretty much" been able to understand the proceedings
18 which had transpired thus far. The Court's interaction with this juror gave the Court the clear
19 impression that the juror was humbly admitting his lack of formal schooling but that he was
20 fully able to comprehend English. Moreover, Dr. Wolde-Giorgis did not inquire further with
21 this juror on this point when he was given the opportunity to do so. Dr. Wolde-Giorgis also
22 contends that the jury instructions, which he approved, were "complex and confusing and even
23 misleading" and that "most of the other members or at least some of them do not and did not
24 understand the jury instructions." Plaintiff offers no explanation or example on this point and
25 the record contains no hint that the jury was confused or misled.

26 Finally, Dr. Wolde-Giorgis asks for a new trial because Defendants exercised a
27 peremptory challenge to exclude a potential juror with a masters degree in economics who was

- 5 -

presently employed as a bank teller. Plaintiff contends that she was struck because of her race. Plaintiff raised this issue at trial and the Court conducted a *Batson* examination of this strike and was satisfied, for the reasons articulated on the record, that Defendants could legitimately choose to exercise a peremptory strike against this juror.

### ¶10 Contention that Defense Counsel Lied in Closing Argument

Dr. Wolde-Giorgis states that "[t]he attorney for the defendants not only lied when she indicated that most of the plaintiff's 25 years teaching experience is outside of the United States when in fact 14 years out of those 25 years were in the United States. Ms. Blumenreich was not limited to misleading the jury in that regard, she was telling the jury that plaintiff is a foreigner who does not belong here!" The location of Dr. Wolde-Giorgis' training and experience was in evidence and the Court did not perceive that counsel for Defendants was seeking to inflame unfair biases. Defense counsel's closing argument did not deprive Plaintiff of a fair trial as he alleges.

### ¶11 Interrogatory Responses Prepared by the Attorney for Maricopa County Community Colleges

Dr. Wolde-Giorgis contends that he should be granted a new trial because the attorney for the Maricopa County Community Colleges who prepared certain answers to interrogatories did "'not know' where she got the information from." Plaintiff does not explain how this entitles him to a new trial. In any event, the answers to interrogatories themselves were never admitted into evidence and thus there is no basis for according a new trial on this basis.

### Conclusion

The Court has addressed each of Plaintiff's arguments for a new trial and finds that none are of merit. Plaintiff had his "day in court" before a properly composed jury of our community. Dr. Wolde-Giorgis took the stand and had the full opportunity to present his case. To the extent that he complains that his other evidence was limited, that limitation was of his own making. There was no error or injustice requiring a new trial. The Court will not squelch the unanimous voice of this jury.

1    **IT IS ORDERED DENYING** Plaintiff's Motion for a New Trial [Doc. #107].

2    **IT IS FURTHER ORDERED DENYING** Plaintiff's Motion for Ruling as MOOT

3  [Doc. #115].

4    DATED this 31st day of March, 2006.

```
                                        David K. Duncan
                                        United States Magistrate Judge
```

- 7 -